UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>         Plaintiff,<br><br>vs.<br><br>C. ALLENBY, et al.,<br><br>         Defendants | Case No. 1:14 cv 01111 GSA<br><br>ORDER DISMISSING COMPLAINT AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>AMENDED COMPLAINT DUE<br>IN THIRTY DAYS |

**I.      Screening Requirement**

Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,

---

[1] Plaintiff filed his consent to proceed before a magistrate judge on July 31, 2014 (ECF No. 5).

1

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff, a civil detainee housed by the Department of State Hospitals (DSH) at Coalinga State Hospital, brings this action against defendants employed by the DSH at Coalinga.  Plaintiff names the following individual defendants:  Cliff Allenby; Audrey King; Brandon Price; Karen Reed.  Plaintiff claims that he was denied access to the courts in violation of the First Amendment.

Plaintiff sets forth vague allegations regarding access to the courts.  Plaintiff refers to a policy that allows residents 25 sheets per packet of paper, yet he only receives 4 sheets, necessitating a return to the nurse's station to ask for more sheets.  Plaintiff also alleges that he has to "beg the housing unit officials to get in contact wit trust and provide account leggers and proper postage plaintiff has hade cases cloused due to not being able to reach courts on time [sic]."  Plaintiff alleges no specific conduct as to each of the defendants.

### A.   Access to Courts

To plead a cognizable claim for denial of access to the courts, Plaintiff must allege the denial of such access caused him an "actual injury" to a non-frivolous claim regarding a conviction or conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 350-55 (1996); Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).  "Actual injury is defined as a specific instance in which an inmate was actually denied access to the courts." Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994)(internal quotations omitted), cert. denied, 516 U.S. 825 (1995).

Here, Plaintiff has wholly failed to allege any "actual injury" resulting from the alleged denial of access to the courts.  Plaintiff makes no reference to any specific case that was dismissed because of the conduct of any of the individual defendants.  A vague allegation that a

2

case was dismissed fails to state a claim for relief.  Plaintiff must allege conduct on behalf of each defendant indicating that such conduct prevented Plaintiff from bringing a non- frivolous claim.   Plaintiff has failed to do so.  The complaint must therefore be dismissed.  Plaintiff will, however, be granted leave to file an amended complaint.

Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

### III.    Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d

at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

   Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

   IT IS SO ORDERED.

                Dated:   **January 9, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE