UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE CRANFORD,<br><br>              Plaintiff,<br><br>     v.<br><br>T. NORTON, et al.,<br><br>              Defendants. | 1:14-cv-01111-EPG-PC<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 9.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

　　　　Plaintiff Archie Cranford ("Plaintiff") is a civil detainee proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on July 16, 2014.  (ECF No. 1.)   On July 31, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

The Court[1] screened Plaintiff's first complaint and dismissed it with leave to amend. Plaintiff has now filed an amended complaint.

In both the original and amended complaint, Plaintiff claims that various defendants denied Plaintiff's right to access to the courts by violating policies regarding the supplies he believes should be provided to him.  The Court previously ruled that Plaintiff failed to state a claim because he failed to name any injury or describe the way in which individual defendants violated his rights.  The Court now finds that Plaintiff's first amended complaint suffers from the same deficiencies and therefore dismisses Plaintiff's first amended complaint.

I.      SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S.

---

[1] The prior screening order was issued by Magistrate Judge Gary Austin.

at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## II.     SUMMARY OF FIRST AMENDED COMPLANT

Plaintiff, a civil detainee housed by the Department of State Hospitals (DSH) at Coalinga State Hospital, brings this action against defendants employed by the DSH at Coalinga. Plaintiff names the following individual defendants: Cliff Allenby; Audrey King; Brandon Price; and Karen Reed. Plaintiff claims that he was denied access to the courts in violation of the First Amendment.

Plaintiff sets forth allegations regarding access to the courts. Plaintiff refers to policies that appear to require two manila envelopes a day, five standard white envelopes for each working day, and twenty five sheets of lines paper, among other things.  (ECF No. 9, at 1.) Plaintiff says that he made defendants aware of violations of these policies.  He alleges that he has lost several trials and that defendants are liable for the violations.  He asks for damages.

## III.    PREVIOUS SCREENING ORDER

This is Plaintiff's first amended complaint.  The Court previously screened an earlier version of Plaintiff's complaint and dismissed it for failure to state a claim.  ECF No. 8.  In that order, the Court provided the standards for stating a claim for denial of access to the courts and explained why Plaintiff's complaint failed to state a claim.  Specifically, the Court explained:

> Here, Plaintiff has wholly failed to allege any "actual injury" resulting from the alleged denial of access to the courts. Plaintiff makes no reference to any specific case that was dismissed because of the conduct of any of the individual defendants. A vague allegation that a case was dismissed fails to state a claim for relief. Plaintiff must allege conduct on behalf of each defendant indicating that such conduct prevented Plaintiff from bringing a non-frivolous claim. Plaintiff has failed to do so. The complaint must therefore be dismissed. Plaintiff will, however, be granted leave to file an amended complaint.

(ECF No. 8, p. 2-3.)

///

///

## IV.     EVALUATION OF FIRST AMENDED COMPLAINT

To plead a cognizable claim for denial of access to the courts, Plaintiff must allege the denial of such access caused him an "actual injury" to a non-frivolous claim regarding a conviction or condition of confinement.  Lewis v. Casey, 518 U.S. 343, 350-55 (1996); Barren v. Harrington, 152 F.3d 1193, 1195 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999). "Actual injury is defined as a specific instance in which an inmate was actually denied access to the courts." Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994) (internal quotations omitted), cert. denied, 516 U.S. 825 (1995).

The Court finds that Plaintiff's first amended complaint fails to state a claim for the same reasons as explained in the first screening order.  Plaintiff's complaint has listed what appears to be policies to assist detainees with their filings and claims that there have been violations.  But Plaintiff fails to name the violations, specify how those violations have prevented his access to the Courts, or explained the involvement of any defendant.

The Court also notes that the reference to injury is the loss of various trials.  To the extent Plaintiff's injury is loss at trial, any complaints about those trials should be raised in appeals, not in a separate lawsuit such as this one.

## V.     CONCLUSION

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims upon which relief may be granted.  The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court.  Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and

     2.     The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **January 28, 2016**          /s/ *Erica P. Grosjean*
                                             UNITED STATES MAGISTRATE JUDGE